**Electronically Filed
Intermediate Court of Appeals
29962
23-NOV-2011
07:48 AM**

NO. 29962

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID KERSH, Plaintiff-Appellant,
v.
MARKETWATCH INC., DOW JONES & COMPANY INC.,
VIACOM, INC., TD AMERITRADE HOLDING CORP. and
JOE MOGLIA, JOINTLY & SEVERALLY, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1930)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant David Kersh (Kersh), appearing *pro se*, appeals from the judgment entered on September 21, 2009 by the Circuit Court of the First Circuit (Circuit Court).[1] The judgment was entered pursuant to an order dismissing the action due to Kersh's failure to file a pretrial statement.

On appeal, Kersh asserts two points of error: (1) the Circuit Court improperly dismissed the case *sua sponte*; and (2) there was no legal basis for a motion filed by certain defendants to have Kersh declared a vexatious litigant.

Based upon our careful review of the record and the briefs submitted by the parties, and having given due

_____

[1] The Honorable Victoria Marks presided.

consideration to the arguments advanced and the issues raised by the parties, we resolve Kersh's points of error as follows.

(1)  The Circuit Court properly dismissed the case when Kersh failed to timely file a pretrial statement.  Kersh did not avail himself of the opportunity to request that the order be set aside, as allowed by the Circuit Court's order.

On September 19, 2008, Kersh filed the complaint in this action alleging misrepresentation, fraud, breach of fiduciary duty, breach of contract, and violations of Hawaii Revised Statutes (HRS) §§ 480-2 (2008 Repl.) and 480-13 (2008 Repl.).  Kersh's complaint named Defendants-Appellees MarketWatch, Inc., Dow Jones & Company, Inc., Viacom, Inc. (collectively MarketWatch Defendants) and Defendants-Appellees TD Ameritrade Holding Corp. and Joe Moglia (collectively Ameritrade Defendants).

On June 30, 2009, nine and a half months after Kersh filed his complaint, the Circuit Court *sua sponte* issued an Order of Dismissal, which stated in full:

> It appearing that no pretrial statement has been filed with the court as required by Rule 12(b) of the Rules of the Circuit Courts of the State of Hawai'i or within any period of extension granted by the Court, IT IS HEREBY ORDERED that the above entitled action is dismissed.
>
> This dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of this order of dismissal.

Rule 12(q) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH) states:

> An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c).  Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

We review the Circuit Court's dismissal in this case for abuse of discretion. Cf. GLA Inc. v. Spengler, 1 Haw. App. 647, 649, 623 P.2d 1283, 1285 (1981). The record confirms, and Kersh does not dispute, that he did not file a pretrial statement within eight months of filing his complaint or at any other time, he did not request an extension to file a pretrial statement, and the Circuit Court did not grant any extension. Likewise, once the dismissal order was issued, Kersh did not seek to set aside the dismissal. To the contrary, Kersh submitted a proposed final order of judgment, which he requested the Circuit Court execute and file. The Circuit Court's dismissal was in accord with RCCH Rule 12(q).

We do not agree with Kersh's argument that the Circuit Court's discretion to dismiss the case was severely limited. Kersh relies on Lim v. Harvis Const., Inc., 65 Haw. 71, 647 P.2d 290 (1982), in which the Hawai'i Supreme Court reversed a dismissal of a case for want of prosecution. Kersh's reliance on Lim is misplaced. In Lim, the Circuit Court dismissed the action "with leave to reinstate within ten days for good cause shown." Id. at 72, 647 P.2d at 291. This dismissal was not based on any particular rule and certainly was not based on any rule similar to RCCH Rule 12(q). See id. at 72-73, 647 P.2d at 291. The supreme court held that, instead of a letter request to the circuit court, the defendant should have requested dismissal pursuant to Rule 41(b) of the Hawai'i Rules of Civil Procedure (HRCP).[2] A request for dismissal pursuant to HRCP Rule 41(b)

---

[2] For the period relevant in Lim, HRCP Rule 41(b) stated in relevant part:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . .

HRCP Rule 41(b) (1972).

3

would have required notice and a hearing. Id. The court further stated that absent "deliberate delay, contumacious conduct or actual prejudice," the court would not uphold the dismissal. Id. at 73, 647 P.2d at 292. Upon examining the record, the court found no such conduct and reversed the circuit court's dismissal. Id.

Of note, the supreme court in Lim distinguished the procedures and requirements under HRCP Rule 41(b) from the then-extant Rule 12(f) of the Rules of the Circuit Court (RCC),[3] a predecessor rule similar to the current RCCH Rule 12(q). If there had been a default in filing a statement of readiness under RCC Rule 12(f), the supreme court stated that the procedures followed in Lim would have been appropriate. 65 Haw. at 73 n.1, 647 P.2d at 291 n.1. The Lim court also expressly distinguished GLA Inc., which had involved a dismissal under RCC Rule 12(f). 65 Haw. at 73, 647 P.2d at 292; See GLA Inc. 1 Haw. App. at 647, 623 P.2d at 1284.

Under the circumstances of the instant case, the Circuit Court did not abuse its discretion in dismissing the case.

(2) On May 21, 2009, the MarketWatch Defendants filed a Motion for Prefiling Order and Security (Motion for Prefiling Order), seeking a prefiling order against Kersh as a "vexatious

---

[3] In the time period relevant in Lim, RCC Rule 12(f) stated:

> (f) Where no statement of readiness has been filed within one year after a complaint has been filed or within any extension granted by the court, the clerk shall notify in writing all parties affected thereby that the case will be dismissed for want of prosecution unless objections are filed within 10 days after receipt of such notice. If objections are not filed within said 10-day period or any extension granted by the court, the case shall stand dismissed with prejudice without the necessity of an order of dismissal being entered therein. Where objections are filed within said 10-day period or any extension granted by the court, the court shall hear said objections upon notice and determine whether the case should be dismissed.

4

litigant" pursuant to HRS § 634J-7(a) (1993 Repl.) and requesting that Kersh post security pursuant to HRS § 634J-4 (1993 Repl.). The Motion for Prefiling Order was initially set for hearing on June 10, 2009. Upon Kersh's request, the parties stipulated to a continuance of the hearing, which the Circuit Court approved. The hearing was thus re-set for September 11, 2009. Before the hearing took place, the Circuit Court issued its order of dismissal. Because the Circuit Court did not rule on the Motion for Prefiling Order, we will not address Kersh's appeal related to these issues.

Therefore, IT IS HEREBY ORDERED that the judgment entered by the Circuit Court on September 21, 2009 is affirmed.

DATED: Honolulu, Hawai'i, November 23, 2011.

On the briefs:

David Kersh
for Plaintiff-Appellant Pro Se

David Y. Suzuki
 (Burke McPheeters Bordner & Estes)
for Defendants-Appellees
Ameritrade Holding Corp.
 and Joe Moglia

Margery S. Bronster
Catherine L. Aubuchon
 (Bronster Hoshibata)
for Defendants-Appellees
MarketWatch, Inc., Dow Jones
 & Company, Inc. and Viacom, Inc.

Presiding Judge

Associate Judge

Associate Judge